GEORGE J. WEIR v. THE JACKSONVILLE SULKY PLOW WORKS, *et al.*

SUPREME COURT *Will not Disturb Judgment, When.* Where an action is brought to this court for review, and the only error complained of is that the judgment of the court below was not sustained by the evidence; and where the court below made special findings of fact and conclusions of law, and said findings of fact are all consistent with each other and consistent with the conclusions of law and the general judgment; and where there is evidence in support of and directly tending to prove each finding of fact, the judgment of the court below will not be disturbed.

*Error from Cloud District Court.*

THE opinion states the nature of the action, and the facts. Trial by the court, June 6, 1885, and judgment for the defendants. The plaintiff *Weir* brings the case here.

*L. J. Crans,* for plaintiff in error.

*Laing & Wrong,* for defendant in error.

Opinion by CLOGSTON, C.: Plaintiff commenced this action April 10, 1884. He alleges in his petition that on November 7, 1883, he entered into a contract with the Jacksonville Sulky Plow Works, by its agent, P. H. Blanchard, by which he was to become an agent for the said plow works in certain

counties in Kansas, for the purpose of selling light-draft plow attachments; that by the terms of said contract it was to furnish him with eighty of said attachments, and that in part payment thereof he executed and delivered to said agent his two promissory notes of said date, each for $200, payable April 1st, 1884, and November 1st, 1884, and to the Jacksonville Sulky Plow Works, or bearer, and at the same time executed and delivered with the said notes a chattel mortgage on some cattle and corn to secure the payment of the notes; that said plow works failed to furnish the plow attachments as it had agreed to do by the terms of the contract, and that he received no consideration for said notes.   Plaintiff also claims that said Jacksonville Sulky Plow Works and said P. H. Blanchard and one J. C. E. Davis entered into a conspiracy to cheat and defraud said plaintiff, and did so defraud him out of said promissory notes, and he avers that the other defendants claimed to be the owners of said notes and mortgage, and of one other note claimed by the said defendants to have been executed by the plaintiff of the same date, and also secured by said mortgage for $300; that said chattel mortgage had been interlined and other property of said plaintiff's included; and that said note for $300 and said interlineations in said mortgage were forged and fraudulent.   The petition also states that said defendants did not in good faith and for a valid consideration purchase said notes before maturity, and that said defendants paid no valuable consideration therefor.   The Jacksonville Sulky Plow Works, P. H. Blanchard and J. C. E. Davis failed to answer, and made no appearance in said cause, they being non-residents of Kansas, and service on them being by publication only.   The Concordia National Bank filed its answer, disclaiming any interest in and possession of said notes and mortgage.   The Bank of Clyde filed its answer, claiming to be the owner of said notes and mortgage, and that it purchased on November 8, 1883, from P. H. Blanchard, agent of the Jacksonville Sulky Plow Works, four promissory notes, dated November 7, 1883; three for $200 each and one for $100, all executed by the plaintiff, payable to the Jackson-

ville Sulky Plow Works, or bearer; that said notes were purchased by the defendant in the regular course of business, for a valuable consideration, long before they were due; that all of said notes were secured by chattel mortgage executed by said plaintiff to secure the payment of said four several notes; which answer of said defendant was denied by the plaintiff.

Trial by the court on the issues joined between plaintiff and defendant the Bank of Clyde, and special findings of fact that during said trial said plaintiff and defendant stipulated and agreed that in an action pending in said court between said parties, wherein the Bank of Clyde was plaintiff and this plaintiff was defendant, said action being to recover the possession of the chattel property mentioned in the plaintiff's petition herein, and to recover a judgment for said four promissory notes secured by said chattel mortgage, being the same notes set out in defendant's answer herein, be submitted to the court upon the testimony and proceedings had in the trial of this cause. The court found the facts to be that plaintiff had executed all of said notes and delivered the same to Blanchard, agent for the Jacksonville Sulky Plow Works, for a valuable consideration, and that he had also executed and delivered the chattel mortgage to secure all of said notes, as alleged in defendant's answer, and that the defendant, the Bank of Clyde, had purchased said notes from said agent in the regular course of business, for a valuable consideration, before maturity, and that said defendant was entitled to the possession of the property described in said chattel mortgage. Upon said findings of fact the court rendered judgment for the defendant for the sum of $810.85 and costs. Plaintiff complains of this judgment.

In his brief, plaintiff presents but one question, that the judgment is not supported by the evidence. On this objection it will not be necessary to examine the record, except upon two propositions: First, were the notes and mortgages executed and delivered by the plaintiff? Second, if so, did defendant purchase them in good faith before maturity, without notice? On the first proposition the record shows that the plaintiff did

not know how many notes he did execute, or in what sums, or payable at what times; for in his petition he alleges that he gave but two notes, for $200 each, and on the trial he admits that he gave three — two of $200 and one of $100. This left but the one note to be accounted for. He also admits that the note for $100 was given last, or after the others had been given, but on the same day. Again, when these notes were presented to him on the trial, those that were admitted to be genuine as well as the others, he did not recognize his signature on any of the notes, and would not even give an opinion as to whether the signature was his signature on either the notes or the mortgage. All he would do or say was that he did not give the last $200 note, but would not say that the signature to said note was not genuine. This evidence we think very unsatisfactory, and doubtless the trial court so considered it. He denies that the horse and hogs were included in the mortgage, but averred the mortgage had been changed after he signed it. But the property which he alleges was not included when signed by him is the first property described in the mortgage. The original notes and mortgage are not brought to this court, and we are unable to compare the signatures one with another. This the trial court could do, and found that all of said notes were executed by the plaintiff.

On the second proposition there is no evidence contradicting the evidence of the defendant that it purchased the notes in question in the regular course of business, long before they were due, and paid therefor their face value less two per cent. Again, referring to the time when said notes were executed, the plaintiff admits that the two notes for $200 each were first executed, and the mortgage executed to secure the payment; that afterward there were other arrangements or trades made, by which he executed the $100 note; and if he executed the $200 note, as the court has found, it was doubtless included in this last transaction. Now what would be more reasonable, under the circumstances, than to change the mortgage and include the other notes. Plaintiff was willing to secure the two notes: why not the others? And how

natural for the agent to have them all included in the mortgage. If it was necessary to secure any of them, and the plaintiff was given such security, it would be business-like to secure the remainder; and from all the circumstances connected with this transaction, as shown from the evidence, we think the preponderance of the evidence is in favor of the defendant on both propositions, and that the court properly rendered judgment for the defendant.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.